AFFIRM; Opinion Filed February 22, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00685-CR
No. 05-11-00686-CR

SEAN WEISNER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the First Criminal District Court
Dallas County, Texas
Trial Court Cause Nos. F10-58692-H & F10-58626-H

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Moseley

After Sean Weisner pleaded guilty to two charges of aggravated assault, a jury sentenced him to 10 years' confinement and 70 years' confinement. In a single issue on appeal, Weisner argues the trial court abused its discretion by overruling his objection to the admission of hearsay testimony during the sentencing phase. The background and facts of the case are well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm.

Weisner and his ex-girlfriend, Latosha Hill, had four children together. Their oldest daughter, C.W., saw Weisner shoot her mother. Weisner also shot Hill's friend, Marcus Jones, during the same incident. Both victims survived. Jones testified as a witness for the State.

Weisner's complaint on appeal relates to testimony by Jones, during direct examination, as to what C.W. said to him after the incident. Specifically, Jones testified:

> Well, from what she [C.W.] told me, she said . . . She said that her mother was trying to go toward the window and he grabbed her. I don't know what she said he said to her but she was like, if you're going to shoot me, shoot me. He put the gun up to her, shot her. She said he spit on her, kicked her and say [sic], that's what you get. And laughed.

Weisner argues Jones's statements about what C.W. told Jones are hearsay, they were improperly admitted, and they were prejudicial to him.

Even if we assume the trial court erred by allowing Jones to testify about what C.W. told him, we must affirm if the error did not affect Weisner's substantial rights. *See* TEX. R. APP. P. 44.2(b) (any non-constitutional error that does not affect the defendant's substantial rights must be disregarded). Substantial rights are not affected by the erroneous admission of evidence if, after reviewing the record as a whole, the appellate court has fair assurance that the error did not influence the jury or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We consider the other evidence admitted in the case, the nature of the evidence supporting the jury's determination, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *See id.* If the same or similar evidence is admitted without objection at another point in the trial, the error is harmless. *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)).

Regarding the assault subject to this appeal, Hill testified Weisner came to her apartment to give C. W. a birthday gift. When Weisner saw Jones in the apartment, he began shooting. Hill ran

to a different part of the apartment and Weisner followed her. Weisner then looked at Hill and shot her in the face. She did not remember how many times he shot her before she became unconscious. She then spent two and a half months in the hospital recovering. At the time of trial, the right side of her face remained paralyzed, she could not open her eyes, she needed more surgeries, she struggled to walk, and she suffered chronic headaches.

C.W. testified that on the day of the assaults, she heard two gunshots fired and she heard her mother telling Weisner not to shoot Jones before Weisner shot Jones. C.W. said her mom attempted to escape out a window, but Weisner pulled Hill back and Hill fell to the floor. C.W. "saw fire out the gun, and he shot her" five times. Afterward, he had "a grin on his face that was evil," a "smile and a mad look." He then spit on Hill and ran out the door to the apartment.

The State presented other substantial evidence in support of lengthy sentences for Weisner. Hill testified Weisner physically abused her for years and recounted some of the incidents of abuse. She testified that on a prior occasion, he put a gun in her mouth and threatened to kill her. In yet another instance, Weisner threatened to shoot Hill and beat her so she "couldn't even walk." Said Hill: "He beat me in my private so bad, just kicking me in my private, just kicking me everywhere. I had lumps in my stomach, in my neck." Hill testified she previously filed assault charges against Weisner and dropped them.

Considering all of the evidence (including that summarized above), we conclude the trial court's error, if any, did not affect Weisner's substantial rights. The other evidence admitted without objection supported the jury's determinations. *See Motilla*, 78 S.W.3d at 355. Additionally, most of the evidence contained in Jones's statement also was admitted without objection in Hill's and C.W.'s testimony. *See Coble*, 330 S.W.3d at 282. Because any error by the trial court in overruling

Weisner's objection to Jones's testimony was harmless, we overrule Weisner's sole issue.

We affirm the trial court's judgment.

JIM MOSELEY
JUSTICE

Do Not Publish
Tex. R. App. P. 47
110685F.U05

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SEAN WEISNER, Appellant

No. 05-11-00685-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the First Criminal District
Court of Dallas County, Texas. (Tr.Ct.No.
Cause No. F10-58692-H).
Opinion delivered by Justice Moseley,
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 22, 2013.

_____
JIM MOSELEY
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SEAN WEISNER, Appellant

No. 05-11-00686-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the First Criminal District
Court of Dallas County, Texas. (Tr.Ct.No.
Cause No. F10-58626-H).
Opinion delivered by Justice Moseley,
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 22, 2013.

JIM MOSELEY
JUSTICE